```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAURICE SHOATZ,                    )
                                   )
          Petitioner,              )
                                   )     Civil Action
     v.                            )     No. 13-cv-05162
                                   )
MICHELE FARRELL,                   )
                                   )
          Respondent                )
                                   )
```

## <u>O R D E R</u>

NOW, this 15th day of September, 2015, upon consideration of the following documents:

> § 2241 Habeas Corpus Petition Form to be Used by Prisoners in Actions under 28 U.S.C. § 2241 or in Actions Challenging Removal Proceedings, filed by petitioner pro se September 3, 2013 ("Petition for Habeas Corpus")(Document 1);
>
> Exhibits to be Amended to Civil Complaint, filed by petitioner pro se November 4, 2013 ("Petitioner's Exhibits")(Document 7);
>
> Plaintiff's Petition for Summary Judgment, filed January 10, 2014 pro se ("Motion for Summary Judgment")(Document 12);
>
> Praecipe, together with Writ of Mandamus, filed by petitioner pro se February 27, 2014 ("2014 Praecipe")(Document 13),
>
> Report and Recommendation of United States Magistrate Judge Henry S. Perkin, filed March 10, 2014 ("R&R")(Document 15);
>
> Objection[s] to Magistrate[']s Report and Recommendation, filed March 27, 2014 ("Petitioner's Objections")(Document 18);

>Praecipe, together with Writ of Mandamus filed by petitioner pro se February 18, 2015 ("2015 Praecipe")(Document 24),

and after de novo review of the record in this matter; it appearing that Magistrate Judge Perkin's Report and Recommendation correctly determined the legal and factual issues presented in this case,

    IT IS ORDERED that Magistrate Perkin's Report and Recommendation is approved and adopted.[1]

    IT IS FURTHER ORDERED that the portion of Magistrate Judge Perkin's Report and Recommendation which recites the background, procedural history, and facts is approved and adopted.

---

[1] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001)(Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

    Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. Id.

    As more fully discussed in the subsequent footnotes, below, I approve and adopt Magistrate Judge Perkin's Report and Recommendation and overrule petitioner's objections to the Report and Recommendation.

   IT IS FURTHER ORDERED that the portion of Magistrate Judge Perkin's Report and Recommendation which discusses exhaustion, procedural default, and exceptions to the exhaustion requirement is approved and adopted.

   IT IS FURTHER ORDERED that the portion of Magistrate Judge Perkin's Report and Recommendation which discusses petitioner's Motion for Summary Judgment and 2014 Praecipe is approved and adopted.

   IT IS FURTHER ORDERED that petitioner's objections to the Report and Recommendation of Magistrate Judge Perkin are overruled.[2]

---

[2]  Petitioner lists six objections in his response to Magistrate Judge Perkin's R&R.  First, he objects to a previous Order, filed March 10, 2014 (Document 14), which denied Petitioner's Petition Requesting Documents (Document 11) as moot.  Second, petitioner objects to the R&R, arguing that his constitutional rights were violated by lack of access to a speedy trial.  Third, petition objects to the R&R, claiming that he is not a state prisoner and thus that Magistrate Judge Perkin incorrectly relied on 28 U.S.C. § 2254.  Fourth, petitioner specifically objects to Magistrate Judge Perkin's conclusion that he did not attempt to present his demands for a trial to the Pennsylvania Superior Court or the Pennsylvania Supreme Court.  Fifth, petition objects to Magistrate Judge Perkin's conclusion the he has failed to allege a violation upon which relief may be premised.  Sixth, petitioner objects to respondent being excused from responding to petition's Petition for Habeas Corpus.

   Petitioner's first objection is not to the R&R itself.  Instead, the first objection addresses a separate Order signed by Magistrate Judge Perkin.  Because the objection is not actually directed at the R&R, it is overruled.

   Upon review, I conclude that the contentions included in petitioner's second and fifth objections are nothing more than a restatement of the claims outlined in his initial petition.  See Morgan v. Astrue, 2009 WL 3541001 (E.D.Pa. Oct. 30, 2009)(Buckwalter, S.J.).  Moreover, upon review of Magistrate Judge Perkin's Report and Recommendation, together with a de novo review of the matter, I conclude that the Report and Recommendation correctly determined the legal issues raised by petitioner.  Petitioner's second and fifth objections are overruled.

(Footnote 2 continued):

---

(<u>Continuation of footnote 2</u>):

In his third objection, petitioner asserts that he is not a state prisoner and that 28 U.S.C. § 2254 does not apply to him.  Petitioner was charged with violations of Pennsylvania law, filed his petition from a correctional facility within the Philadelphia prison system, and was tried in the Court of Common Pleas.  Petitioner is a state prisoner.

Petitioner is correct that 28 U.S.C. § 2254 does not govern his case. 28 U.S.C. § 2254 "applies only to post-trial situations and affords relief to a petitioner "in custody pursuant to the judgment of a state court." <u>Dickerson v. State of La.</u>, 816 F.2d 220, 224 (5th Cir. 1987)(quoting 28 U.S.C. §§ 2254(a) and (b)).  However, Magistrate Judge Perkin referred to 28 U.S.C. § 2254 in his discussion of the exhaustion requirements for 28 U.S.C. § 2241 because, between the two statutes, "there is no distinction insofar as the exhaustion requirement is concerned."  <u>Moore v. DeYoung</u>, 515 F.2d 437, 442 (3d Cir. 1975).  Because petitioner is a state prisoner and because Magistrate Judge Perkin's reference to 28 U.S.C. § 2254 was appropriate, I overrule petitioner's third objection.

In his fourth objection, petitioner specifically objects to Magistrate Judge Perkin's statement that

> Petitioner has made "repeated demands" to be brought to trial, but it is not evident that Petitioner has attempted to present any such claim to the Pennsylvania Superior Court or Pennsylvania Supreme Court. Nothing in the record suggests the existence here of the type of intentional, bad faith state activity that could justify an exception, based on "extraordinary circumstances," to the basic exhaustion requirement, and there is no apparent reason to hold an evidentiary hearing on the subject.

However, petitioner has offered no grounds for his objection, nor has he offered anything to suggest that his demands to be brought to trial were presented to the Pennsylvania Superior Court or the Pennsylvania Supreme Court.  Because, after a thorough review of the case and the record, I agree that Magistrate Judge Perkin correctly concluded that there is nothing in the record that suggests either that petitioner brought his demands for trial to the proper court or that there was intentional, bad faith state activity, I overrule petitioner's fourth objection.

In his sixth objection, petitioner avers that respondent was excused from responding to his petition.  There is nothing in the record to suggest that respondent was excused from responding.  Respondent did not file a response because, as a result of a clerical error, the Order instructing respondent to do so was never received by the Office of the District Attorney for Philadelphia County.  Upon review of the documents in this case and the state court record, Magistrate Judge Perkin concluded that petitioner had not met the exhaustion requirement and filed his R&R without again requesting a response to the petition from respondent.  Petitioner's sixth objection is overruled.

Therefore, I approve and adopt Magistrate Judge Perkin's Report and Recommendation, and overrule petitioner's objections to the Report and Recommendation.

IT IS FURTHER ORDERED that petitioner's Petition for Habeas Corpus is dismissed, without prejudice to re-file his claim upon the exhaustion of state court remedies.

IT IS FURTHER ORDERED that petitioner's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that petitioner's 2014 Praecipe is denied.

IT IS FURTHER ORDERED that petitioner's 2015 Praecipe is denied.[3]

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall close this civil action for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

[3] Petitioner's 2015 Praecipe asks for the same relief as his 2014 Praecipe and is denied on the same grounds, as laid out in Magistrate Judge Perkin's R&R.